# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-105V

* * * * * * * * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| DENNIS VIVIANS, | |
| Petitioner, | Chief Special Master Corcoran |
| v. | Dated: October 3, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * *

*Jonathan Joseph Svitak*, Shannon Law Group, Woodbridge, IL, for Petitioner.

*Ryan Daniel Pyles*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING PETITION[1]

On January 30, 2020, Dennis Vivians filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner's initial filing did not set forth at all the specific elements of his claim, but he later amended the Petition, alleging that the flu vaccine he received on October 8, 2018, caused him to experience a shoulder injury. ECF No. 21.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

By August 2021, Petitioner had filed all relevant medical records and a statement of completion. ECF No. 21. Respondent thereafter filed a Rule 4(c) Report on November 16, 2021, arguing that Petitioner has not demonstrated an entitlement to compensation. *See* Report, dated Nov. 16, 2021 (ECF No. 29). After a status conference held on December 2, 2021, Petitioner was ordered to show cause addressing why the Table version of his claim should not be dismissed. *See* Scheduling Order, dated Dec. 2, 2021. On February 14, 2022, pursuant to Vaccine Rule 21(a), Petitioner filed a notice of voluntary dismissal of his Table SIRVA claim, representing the intent to proceed solely with an off-Table, causation-in-fact version of the claim. *See* Notice, dated Feb. 14, 2022 (ECF No. 32). I dismissed the Table SIRVA claim and ordered Petitioner to file an expert report in on March 18, 2022. ECF No. 35

After obtaining several extensions of time to file the expert report, Petitioner has now filed a motion for a decision dismissing the claim. *See* Motion, dated September 30, 2022 (ECF No. 39) ("Motion"). In it, Petitioner maintains that after an investigation of the facts and science supporting his case, he has determined that he is unable to prove that he is entitled to compensation in the Vaccine Program. *See* Motion at 1. Petitioner also acknowledges in his motion that he understands a decision dismissing his petition will result in a judgment against him, and that such a judgment will end all his rights in the Vaccine Program. *Id.* And he has expressed a desire to exercise his rights to file a civil action in the future, and thus (pursuant to 42 U.S.C. § 300aa-21(a)(2)) he intends to elect to reject the Vaccine Program judgment against him and elect to file a civil action at the appropriate time. *Id.* at 2.

## ANALYSIS

The provisions under the Vaccine Rules for ending a case before a decision has been issued are largely inapplicable herein. Petitioner may no longer avail himself of Vaccine Rule 21(a)(1)(A), which governs voluntary dismissals before service of the Rule 4(c) Report, and Respondent has not stipulated to dismissal under Rule 21(a)(1)(B). In addition, even if the parties had so stipulated, Petitioner seeks entry of a judgment, whereas Vaccine Rule 21(a) would only result in an "order concluding proceedings." Rule 21(a)(3).

Accordingly, the only remaining channel for the relief Petitioner's request is a "motion seeking dismissal"—a mechanism for ending cases that other claimants have used, either because the claim appears unlikely to succeed, or simply because the petitioner prefers not to continue with the claim, but seeks to terminate the action after the time to act under Rule 21 has passed. *See, e.g.*, *Goldie v. Sec'y of Health & Human Servs.*, No. 18-1476V, 2019 WL 6045647, at *1 (Fed. Cl Spec. Mstr. Oct. 11, 2019). Dismissal of Vaccine Program cases at this particular stage of the litigation is not uncommon. Indeed, the rules of the Court of Federal Claims (which are properly applied herein) permit dismissal of claims at a petitioner/plaintiff's request and "on terms that the court considers proper." RCFC 41(a)(2).

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet his burden of proof, because Petitioner has not offered expert support for his causation claim. Therefore, Petitioner's claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.